## WATKINS MOTOR LINES, Inc. v. DE GALLIFORD.

### No. 12148.

Circuit Court of Appeals, Fifth Circuit.

April 23, 1948.

Marcus B. Calhoun, of Thomasville, Ga., for appellant.

John P. Cowart, U. S. Atty., and Jack J. Gautier, Asst. U. S. Atty., both of Macon, Ga., for appellee.

Before HUTCHESON, HOLMES, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

This action was brought by the appellee under Section 8(e) of the Selective Training and Service Act of 1940, 54 Stat. 890, as amended, 56 Stat. 724, 50 U.S.C.Appendix, § 308(e).

The complaint alleged that, immediately prior to his induction into the army of the United States, the appellee held a permanent position as truck driver with the appel-

lant; that within ninety days after receiving an honorable discharge from the service, he made application to the appellant for reinstatement to his former position, the duties of which he was fully qualified to perform; and that the appellant refused to restore him to such position or to one of like seniority, status, and pay. The court below heard the case without a jury, and found for the appellee upon the law and the facts.

The principal questions presented on this appeal may be reduced to three: (1) Whether the trial court erred in finding that, between the employee's induction and his application for re-employment, the employer's circumstances had not so changed as to make it impossible or unreasonable for the appellant to re-employ the appellee; (2) whether recovery of compensation should have been limited to a period ending April 6, 1946; (3) whether the appellee unnecessarily delayed the filing of this suit, and therefore was not entitled to compensation for the period intervening between the date of his application for re-employment and the date of filing this action.

We think the court below ruled correctly upon each of these three issues. The record shows beyond controversy that appellee was entitled to reinstatement to his former position or to one of similar seniority, status, and pay. The only defense to the action raised by the appellant in its defensive pleading was that its circumstances had so changed as to make it impossible or unreasonable for the corporation to re-employ the veteran. The burden of proving this defense was on the employer, and it failed to meet this burden.

There was a change in method of operation about four months after the veteran had qualified for re-employment to his former position. During these four months the appellant completely ignored its lawful obligation to re-employ the applicant, except to write him that, if he would move from Chattanooga to Thomasville, it would put him to work. The letter also stated that the Watkins Lines no longer had a pick-up and delivery truck in Chattanooga,

but that this work was done in Thomasville, and the company needed one or two more drivers "here in Thomasville." The evidence shows without dispute that when appellee reported for duty in Thomasville, he was told by appellant that the circumstances had changed still further, so that no more road drivers were needed.

The second specification of error simply amounts to this: that the defendant ceased all operations on April 6, 1946, and that the court erred in failing to limit recovery of compensation to a period beginning on the date of appellee's application for reinstatement and ending on April 6, 1946. This contention is unsound for two reasons: first, there was evidence to support a finding that the defendant corporation did not cease all operations as of April 6, 1946, but was still operating its trucking business on May 20, 1947, when this suit was tried in the court below, though for its own convenience it had changed its method of operations; second, whether the appellant ceased all operations as of the latter date is only a hypothetical issue on this record.

As to the third question above mentioned, we agree with the court below that the veteran made every reasonable effort to secure re-employment amicably before filing suit, and should not be charged with undue delay in filing this action. The appellant itself was responsible for much of the delay.

The judgment appealed from is affirmed.

WALLER, Circuit Judge (concurring in part).

The President of the defendant gave this testimony:

" * * * and we haven't had a single employee on the Watkins Motor Lines payroll or even made a Social Security return since April 6, 1946. I haven't drawn any salary nor anybody else out of the company in over a year."

In the light of this evidence, which seems to be undisputed, I think no recovery of wages should be awarded after April 6, 1946.